UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD O'NEIL BRADFORD,<br><br>          Petitioner,<br><br>     v.<br><br>F. GONZALEZ, Warden,<br><br>          Respondent. | No. CV 10-585-RGK (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On January 27, 2010, Petitioner Richard O'Neil Bradford, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in the Central District of California.

**I.**

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner: *Richard O'Neil Bradford v. L. Schulteis*, CV 08-1716 RGK (AGR) ("*Bradford I*").

The Petition challenges Petitioner's conviction and/or sentence of February 15, 2007.  (Petition at 2.)  Petitioner was convicted of two counts of selling a controlled substance.  (*Bradford I*, Report and Recommendation (R&R) at 2.)  On December 17,

2007, the California Court of Appeal affirmed the conviction. (Petition at 2-3.) On February 20, 2008, the California Supreme Court denied review without explanation. (Petition at 3; *Bradford I*, Report and Recommendation at 2.) Petitioner was sentenced to seven years in prison. (Petition at 2.) The Petition contains one ground for relief based on *Pitchess*.[1] (*Id.* at 5.)

In *Bradford I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody on March 13, 2008. (Dkt. No. 1.) After Petitioner requested that the unexhausted grounds be dismissed, Petitioner challenged his conviction and sentence based on two grounds: (1) prosecutorial misconduct; and (2) trial court error in disposing of Petitioner's *Pitchess* motion. (*Bradford 1*, R&R at 2.) On February 17, 2009, the Court entered an Order Adopting Magistrate Judge's Report and Recommendation and a Judgment denying the petition with prejudice. (Dkt. Nos. 74-75.) On February 20, 2009, Petitioner filed a Notice of Appeal. (Dkt. No. 76.) On April 24, 2009, the Court denied Petitioner's request for a certificate of appealability. (Dkt. No. 85.) The appeal remains pending.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit.

---

[1] *Pitchess v. Superior Court*, 11 Cal. 3d 53, 113 Cal. Rptr. 897 (1974).

*Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Bradford I*. (Petition at 2.)  The Petition is considered a successive petition because the district court entered judgment and denied the petition on the merits in *Bradford I,* and the appeal is pending in the Ninth Circuit.  *See Beaty v. Schriro*, 554 F.3d 780, 783 & n.1 (9th Cir.), *cert. denied*, 130 S. Ct. 364, 175 L. Ed. 2d 50 (2009).

On the first page of the Petition, Petitioner refers to "total of 15 (separate) lodged items to (merit) appeal under 1915(e)-(1) to (appointment) of counsel to both (writs) enclosed a (total) of 63 paged lodgements dated 11/15/09 before the court."  (Petition at 1.)  Petitioner refers to the case number of *Bradford I*.  (*Id.* at 1, 2.)  As stated above, *Bradford I* is currently on appeal.  Filing a second petition is not an appropriate mechanism to appeal a district court's denial of a previous petition for writ of habeas corpus.

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition.  This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3).  *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, summary dismissal is warranted.

///

## III.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: February 10, 2010

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented By:

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE